# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETT PERCLE** | **CIVIL ACTION** |
| **VERSUS** | **NO.** |
| **THE CITY OF BATON ROUGE, CARL DABADIE, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF THE BATON ROUGE POLICE DEPARTMENT, DETECTIVE JASON ACREE, OFFICER JOHN DOE NO. 1, OFFICERS JOHN DOE NOS. 2-20, and OFFICER ORSCINI BEARD** | **SECTION** |

## COMPLAINT

NOW COMES Complainant, Brett Percle, a person of the full age of majority residing in the State of Louisiana, Parish of Jefferson, who asserts the following claim for relief:

1.

Made Defendants herein are the following:

A. **THE CITY OF BATON ROUGE,** a political subdivision of the State of Louisiana, Parish of East Baton Rouge, which at all times material hereto maintained and controlled the Baton Rouge Police Department, and was at all times material hereto responsible for the hiring, retention, training, and supervision of all the Baton Rouge Police Department chief and officers, and for the implementation of the Baton Rouge Police Department's customs, policies, and procedures.

B. **CARL DABADIE, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF THE BATON ROUGE POLICE**

    **DEPARTMENT**, a person of the full age of majority who was at all times material hereto responsible for the hiring, retention, training, and supervision of all Baton Rouge Police Department officers, and for the implementation of the Baton Rouge Police Department's customs, policies, and procedures.

C. **DETECTIVE JASON ACREE**, a person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

D. **OFFICER JOHN DOE NO. 1**, a person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment, and whose true name is presently unknown to Percle.

E. **OFFICER JOHN DOE NOs. 2-20**, persons of the full age of majority who were at all times material hereto employed as Baton Rouge Police Officers and acting in the course and scope of that employment, and whose true names are presently unknown to Percle.

F. **OFFICER ORSCINI BEARD**, a person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

2.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C §§1331 and 1367, inasmuch as this matter arises under 42 U.S.C. §1983, *et seq.*, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United State Constitution, and Louisiana state law, including Louisiana Civil Code Articles 2315, 2316, 2317, 2320, 2324, and other applicable law.

3.

Venue is proper in this Honorable Court in part pursuant to 28 U.S.C §1391 inasmuch as a substantial part of the events or omissions giving rise to the claim occurred within the Middle District of Louisiana.

4.

At all times material hereto, defendants were persons acting under color of law within the meaning of 42 U.S.C. §1983.

5.

On June 11, 2014, Percle was lawfully present at the house located at 1486 Lila Avenue, Baton Rouge, Louisiana.

6.

At approximately 2:30 p.m., there was a knock on the front door of the house, accompanied instantaneously by the door being kicked open, followed by the flash bang of grenades.

7.

At least twenty members of the Baton Rouge Police Department – including defendant Officer John Doe No. 1 and defendants Officers John Doe 2-20 – then entered the house.

8.

All of the Baton Rouge Police Department officers were masked and armed and immediately pointed machine guns at Percle and the other occupants of the house.

9.

The Baton Rouge Police Department officers ordered Percle and the other occupants to lie on the floor.

10.

Percle began to comply immediately.

11.

As Percle got on the floor, Officer John Doe No. 1 kicked Percle in the back of the neck and shoulders and "curb stomped" Percle's face into the floor, knocking out some of Percle's teeth and chipping others.

12.

Officer John Doe No. 1 continued to use his boot to add pressure to the back of Percle's head and neck as Percle lay in a rapidly growing puddle of blood gushing from his mouth and from his left elbow, which was lying on broken glass.

13.

One of the defendants then tightly handcuffed Percle behind his back and Percle was then forced to lie next to his teeth and in his own blood for at least ten minutes while the other defendants ransacked the house.

14.

Percle was eventually escorted out of the house and into the front yard where other defendants ridiculed Percle's missing teeth and bloody condition.

15.

Because his mouth continued to bleed profusely, his neck was stiff from the force applied, and he was still disoriented from the flash bang grenade, Percle requested an ambulance.

16.

One of the defendants – whom Percle believes to have been a medic - refused to call an ambulance and told Percle that the hospital will not be able to fix his injuries and that the only care

Percle would need would be a dentist and psychological therapy.

17.

Percle was eventually escorted back into the house and subjected to a strip search by Detective Jason Acree who, upon information and belief, was the commanding officer.

18.

Acree began to interrogate Percle, who told Acree that he did not live at the house but was there to record music using a friend's equipment.

19.

In response to additional questioning, Percle told Acree that he had a car parked down the street.

20.

One or more of the unknown defendants then ransacked Percle's car, damaging some of the contents.

21.

None of the defendants possessed a warrant to search Percle's car or person or to arrest Percle.

22.

Nor did any of the defendants have probable cause or reasonable suspicion to search Percle's car or person.

23.

Ultimately, Percle was released and not charged with any crime.

24.

As a result of defendants' conduct set forth above, Percle suffered severe physical injuries to his teeth, mouth, face, neck, arms, and hands, as well as mental and emotional distress and outrage, in addition to damage to his car and personal property.

25.

Thereafter, Percle contacted the Baton Rouge Police Department in order to discover the identity of the unknown officers and to lodge a complaint against them and against Detective Jason Acree.

26.

Percle was directed to Officer Orscini Beard whom Percle attempted to contact on numerous occasions on and after June 11, 2014.

27.

Beard did not return Percle's calls and made no other attempt to contact Percle.

28.

As a consequence, Percle was caused additional severe emotional distress, upset, and outrage by Beard's deliberate indifference to Percle's complaint and by Beard's tacit refusal to disclose the identity of the as yet unidentified defendants.

29.

As the above and foregoing allegations demonstrate, Defendant Officer John Doe No. 1 is liable unto Percle for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) intentional infliction of emotional distress, (f) unlawful search and seizure, (g) cruel treatment, (h) failing to provide medical attention, (i) violation of the Constitution and other laws of the United States and of the State of Louisiana, (j) excessive use of force, (k) unreasonable use of

force, and for all other acts and omissions as will be shown at trial.

30.

As the above and foregoing allegations demonstrate, Defendants Officers John Doe Nos. 2-20 are liable unto Percle for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) intentional infliction of emotional distress, (f) unlawful search and seizure, (g) cruel treatment, (h) failing to provide medical attention, (i) violation of the Constitution and other laws of the United States and of the State of Louisiana, (j) excessive use of force, (k) unreasonable use of force, and for all other acts and omissions as will be shown at trial.

31.

As the above and foregoing allegations demonstrate, Defendant Detective Jason Acree is liable unto Percle for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) intentional infliction of emotional distress, (f) unlawful search and seizure, (g) cruel treatment, (h) failing to provide medical attention, (i) violation of the Constitution and other laws of the United States and of the State of Louisiana, (j) excessive use of force, (k) unreasonable use of force, and for all other acts and omissions as will be shown at trial.

32.

As the above and foregoing allegations demonstrate, Defendant Officer Orscini Beard is liable unto Percle for (a) denial of access to the courts, (b) denial of the right to petition for redress, (c) fraud, (d) intentional concealment of public records and other evidence, (e) intentional infliction of emotional distress, (f) violation of the Constitution and other laws of the United States and of the State of Louisiana, and for all other acts and omissions as will be shown at trial.

33.

Further, as the above and foregoing allegations demonstrate, Defendants City of Baton Rouge, Dabadie, and Acree are vicariously liable unto Percle as a matter of Louisiana state law for the acts and omission of the other defendants, and for all other acts and omissions as will be shown at trial

34.

Further, Defendants City of Baton Rouge, Dabadie, and Acree, are liable unto Percle Complainants for their ratification and endorsement of, and deliberate indifference to, the conduct of the other defendants, their failure to adequately train and supervise the other defendants, and for all other acts and omissions as will be shown at trial.

35.

In light of the above and foregoing, Defendants are liable unto Percle jointly, severally, and *in solido* for the following damages:

    A.    Past, present, and future physical pain, suffering, and disability;

    B.    Past, present, and future mental and emotional distress;

    C.    Past, present, and future, loss of enjoyment of life;

    D.    Past, present, and future medical expenses;

    E.    Past, present, and future lost wages and loss of wage-earning capacity;

    F.    Damages to personal property and effects;

    G.    Punitive damages;

    H.    Exemplary damages;

    I.    Attorney's fees and costs;

    J.    Interest on all damages, attorney's fees, costs, punitive damages, exemplary

    damages, and other damages or elements of recovery;

K.  All other damages and legal or equitable relief for which the law provides recovery.

36.

Percle demands a trial by jury for all claims and issues so triable.

**WHEREFORE,** Complainant, Brett Percle, prays that this Complaint be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Complainant and against Defendants jointly, severally, and *in solido*, for the foregoing general and special damages, punitive damages, attorney's fees, costs, interest, and other recoverable damages and appropriate relief.

    Respectfully submitted:

    /s/ Kearney S. Loughlin
    KEARNEY S. LOUGHLIN
    La. State Bar No. 26391
    6030 Prytania Street
    New Orleans, Louisiana 70118
    Telephone: (504) 891-3193
    Facsimile: (504) 891-3195
    **Attorney for Complainant Brett Percle**