**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BRETT PERCLE**                                            **CIVIL ACTION**

**VERSUS**                                                  **NO.   14-449-SDD-RLB**

**THE CITY OF BATON ROUGE, CARL**
**DABADIE, JR., INDIVIDUALLY AND IN**
**HIS OFFICIAL CAPACITY AS CHIEF**
**OF THE BATON ROUGE POLICE**
**DEPARTMENT, DETECTIVE JASON**
**ACREE, OFFICER JOHN DOE NO. 1,**
**OFFICERS JOHN DOE NOS. 2-20, and**
**OFFICER ORSCINI BEARD**

## AMENDED COMPLAINT

NOW COMES plaintiff, Brett Percle, who amends his Complaint filed herein in the following respects:

I.

By supplementing and amending paragraph 1 to read in part as follows:

**D.**   **OFFICER ROBERT MORUZZI**, a person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E1**.   **OFFICER MYRON DANIELS**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E2**.   **OFFICER DUSTIN MCGINNIS**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in

the course and scope of that employment.

**E3**.  **OFFICER JOSH ELLIS**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E4**.  **CAPTAIN NOEL SALAMONI**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E5**.  **OFFICER MICHAEL WALKER**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E6**.  **OFFICER BRIAN NORRIS**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E7**.  **OFFICER JEFF WILLIAMS**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

**E8**.  **SERGEANT C. BRYAN TAYLOR**, A person of the full age of majority who was at all times material hereto employed as a Baton Rouge Police Officer and acting in the course and scope of that employment.

II.

By amending paragraph 7 to read as follows:

7.

At least twenty members of the Baton Rouge Police Department – including defendants Moruzzi, Daniels, McGinnis, Ellis, Salamoni, Walker, Norris, Williams, and Taylor - then entered the house.

III.

By amending paragraphs 11- 13 to read as follows:

11.

As Percle got on the floor, Moruzzi kicked Percle in the back of the neck and shoulders and "curb stomped" Percle's face into the floor, knocking out some of Percle's teeth and chipping others.

12.

Moruzzi continued to use his boot to add pressure to the back of Percle's head and neck as Percle lay in a rapidly growing puddle of blood gushing from his mouth and from his left elbow, which was lying on broken glass.

13.

Moruzzi then tightly handcuffed Percle behind his back and Percle was then forced to lie next to his teeth and in his own blood for at least ten minutes while the defendants ransacked the house.

IV.

By amending paragraphs 29 and 30 to read as follows:

29.

As the above and foregoing allegations demonstrate, Moruzzi is liable unto Percle for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) intentional infliction of emotional distress, (f) unlawful search and seizure, (g) cruel treatment, (h) failing to provide medical attention, (i) violation of the Constitution and other laws of the United States and of the State of Louisiana, (j) excessive use of force, (k) unreasonable use of force, and for all other acts and omissions as will be shown at trial.

30.

As the above and foregoing allegations demonstrate, Daniels, McGinnis, Ellis, Salamoni, Walker, Norris, Williams, and Taylor, are liable unto Percle for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) intentional infliction of emotional distress, (f) unlawful search and seizure, (g) cruel treatment, (h) failing to provide medical attention, (i) violation of the Constitution and other laws of the United States and of the State of Louisiana, (j) excessive use of force, (k) unreasonable use of force, and for all other acts and omissions as will be shown at trial.

V.

By adding paragraph 32A to read as follows:

32A.

As the above and foregoing allegations demonstrate, Defendants Acree, Moruzzi, Daniels, McGinnis, Ellis, Salamoni, Walker, Norris, Williams, and Taylor, are further liable unto Percle under Section 1983 as bystanders who (1) knew that their fellow officers were violating

Percle's constitutional rights, (2) had a reasonable opportunity to prevent the harm, and (3) chose not to act.

VI.

By amending paragraph 34 to read as follows:

34.

Further, Defendants City of Baton Rouge, Dabadie, Acree, and Salamoni, are liable unto Percle for their ratification and endorsement of, and deliberate indifference to, the conduct of the other defendants, their failure to adequately train and supervise the other defendants, their willful, reckless, and their otherwise-tortious hiring and retention of the other defendants, based upon all acts and omissions as will be revealed in discovery and shown at trial, including specifically the following:

VII.

By adding paragraphs 34A-34I to read as follows:

34A.

Before attacking Percle, and while employed as a Baton Rouge Police officer, Moruzzi started a fight with the manager of the Roux House bar in the City of Baton Rouge.

34B.

In particular, at 2:00 a.m. on November 12, 2009, Moruzzi walked across the street from Happy's Irish Pub to the Roux House and began to tear down a "Vote Yes" sign from a fence on the Roux House property.

34C.

When the manager of the Roux House attempted to stop him, Moruzzi punched the manager in the eye several times and then removed a gun from his waistband and threatened to

kill the manager.

34D.

As a result of Moruzzi's conduct at the Roux House, the Baton Rouge Police Department determined that Moruzzi was unfit to continue to serve as an officer and fired him on March 12, 2010.

34E.

Despite being unfit to serve as a Baton Rouge Police Officer, Moruzzi was thereafter rehired as a Baton Rouge Police officer.

34F.

After being rehired, Moruzzi continued to engage in misconduct.

34G.

For example, on August 25, 2013, Moruzzi unlawfully seized, tazed, falsely arrested, and kidnapped, an individual who failed to comply with Moruzzi's unlawful commands, resulting in the lawsuit styled *Bricker v. Moruzzi, et al.*, United States District Court, Middle District of Louisiana, Case No. 3:14-cv-00478-BAJ-RLB.

34H.

Defendants Daniels and Walker were also involved in at least one other excessive force incident preceding the attack on Percle.

34I.

On September 28, 2010, Daniels and Walker were members of the Special Response Team that executed a defective search warrant at a home in Baton Rouge, ransacking the property, assaulting the occupant, stomping on her face and grinding it into the floor, and illegally searching and interrogating her, resulting in the lawsuit styled, *Thomas v. City of Baton*

*Rouge, et al.*, United States District Court, Middle District of Louisiana, Case No. 3:11-cv-00664-BAJ-SCR.

35.

In light of the above and foregoing, Defendants are liable unto Percle jointly, severally, and *in solido* for the following damages:

  A.  Past, present, and future physical pain, suffering, and disability;

  B.  Past, present, and future mental and emotional distress;

  C.  Past, present, and future, loss of enjoyment of life;

  D.  Past, present, and future medical expenses;

  E.  Past, present, and future lost wages and loss of wage-earning capacity;

  F.  Damages to personal property and effects;

  G.  Punitive damages;

  H.  Exemplary damages;

  I.  Attorney's fees and costs;

  J.  Interest on all damages, attorney's fees, costs, punitive damages, exemplary damages, and other damages or elements of recovery;

  K.  All other damages and legal or equitable relief for which the law provides recovery.

36.

Percle demands a trial by jury for all claims and issues so triable.

**WHEREFORE,** plaintiff, Brett Percle, prays that this Amended Complaint be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Percle and against Defendants jointly, severally, and *in solido*, for the foregoing general and

special damages, punitive damages, attorney's fees, costs, interest, and other recoverable damages and appropriate relief.

        Respectfully submitted:

        /s/ Kearney S. Loughlin
        KEARNEY S. LOUGHLIN
        La. State Bar No. 26391
        6030 Prytania Street
        New Orleans, Louisiana 70118
        Telephone:   (504) 891-3193
        Facsimile:   (504) 891-3195
        **Attorney for Plaintiff Brett Percle**