UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BRETT PERCLE**                                                           **CIVIL ACTION**

**VERSUS**

**NO. 3:14-CV-00449-SDD-RLB**

**THE CITY OF BATON ROUGE, CARL
DABADIE, JR., INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS CHIEF OF
THE BATON ROUGE POLICE DEPARTMENT,
DETECTIVE JASON ACREE, OFFICER JOHN DOE
NO. 1, OFFICERS JOHN DOE NOS. 2-20 AND
OFFICER ORSCINI BEARD**

_____

**MOTION TO COMPEL MEDICAL RECORDS
AND FOR SANCTIONS FOR FAILURE TO RESPOND**

**NOW INTO COURT**, through undersigned counsel, comes defendants herein, Defendants, City of Baton Rouge (hereinafter referred to as "City/Parish"), Chief of the Baton Rouge Police Department, Carl Dabadie, Jr., (hereinafter referred to as "Dabadie"), Officer Robert Moruzzi (hereinafter referred to as "Moruzzi"), Officer Myron Daniels (hereinafter referred to as "Daniels"), Officer Dustin McGinnis (hereinafter referred to as "McGinnis"), Officer Josh Ellis (hereinafter referred to as "Ellis"), Captain Noel Salamoni (hereinafter referred to as "Salamoni"), Officer Michael Walker (hereinafter referred to as "Walker"), Officer Brian Norris (hereinafter referred to as "Norris"), Officer Jeff Williams (hereinafter referred to as "Williams"), Sergeant C. Bryan Taylor (hereinafter referred to as "Taylor"), who respectfully represents:

1

1.

Defendants propounded Interrogatories and Requests for Production of Documents to Plaintiff, Brett Percle, through his attorney of record, Kearney Loughlin on September 26, 2014.

2.

Defendants received responses on to said interrogatories and requests on February 20, 2015.

3.

Plaintiff signed a medical authorization and addressed each copy to his healthcare providers.

4.

Defendants emailed additional medical and school records authorizations to plaintiff's counsel on May 11, 2015 and Supplemental Interrogatories on May 13, 2015.

5.

Defendants emailed to request status on authorizations on June 22, 2015, August 13, 2015, August 24, 2015, December 10, 2015 and December 21, 2015.

6.

Defendants received an email from plaintiff's counsel, Kearny Loughlin, on December 22, 2015 stating that the plaintiff, Brett Percle was out of state and would send the signed authorizations as soon as he returned.

7.

Defendants received an email from plaintiff's counsel on January 11, 2016 stating that the plaintiff had lost the authorizations and to please resend them. Defendant resent the authorizations on January 12, 2016.

8.

Defendants received the signed medical authorization on January 25, 2016 via facsimile.

9.

Defendant requested medical records from Patrick Harris, LCSW, MSW with the LSU Student Health Center and was contacted on February 15, 2016 by Vicky Hendricks with the LSU Student Health Center stating that the signature on the medical release we provided did not match the signature they had on file. She contacted plaintiff, Brett Percle, and he indicated that he did not sign the release.

10.

Defendants contacted plaintiff's counsel on the afternoon of February 15, 2016 and advised of same and requested confirmation of Brett Percle's signature on the medical release form.

11.

Defendants received a return phone call from Vicky Hendricks with the LSU Student Health Center stating that she spoke to Mr. Percle and he indicated that he did in fact sign the release form and would send confirmation in an email.

12.

On the morning of February 16, 2016, defendants received a telephone call from Vicky Hendricks stating that Mr. Percle and he only authorized to release limited information and they would not comply with our request by sending any and all medical records.

13.

On February 15, 2016 defendants conducted another Rule 37.1 conference wherein plaintiff's council provided that the response were forthcoming.

14.

On February 15, 2016, defendants were advised by plaintiff's counsel that Mr. Percle would only authorize the release of limited information, and Mr. Percle had instructed the LSU Student Health Center not to fully comply with the medical release provided by defendants (Exhibit 4 attachments)

15.

Defendant further seeks sanctions and remedies as provided by Rule 37 of the Federal Rules of Civil Procedure.  Defendant therefore requests that this Court grant all remedies provided by Federal Rule of Civil Procedure 37 sections (b) and/or (d), including but not limited to: exclusion of documents not produced within the time period established by law or agreed to by the parties, reasonable attorneys' fees for having to seek a motion to compel, and such other relief as is provided by law and equity under the circumstances.  In further support of these contentions, Defendant relies upon its Memorandum in Support, as if copied herein, in extenso.

**WHEREFORE**, defendants herein, City of Baton Rouge, respectfully requests that this Court:

1. Enter an order compelling all Plaintiff to instruct the medical providers to comply with the medical request made by defendants;

2. Order that plaintiff not be allowed to present any medical or counseling related records for their failure to comply with defendant's request; and

3. Grant reasonable attorneys' fees to Defendant for having to seek a motion to compel responses under Rule 37 of the Federal Rules of Civil Procedure.

BY ATTORNEYS:
LEA ANNE BATSON
PARISH ATTORNEY


 /s/ Tedrick K. Knightshead
TEDRICK K. KNIGHTSHEAD (LSBA# 28851)
First Assistant Parish Attorney
P.O. Box 1471
222 St. Louis St. Room 902
Baton Rouge, LA  70821
T:      225-389-8730
F:      225-389-8736
Email: tknightshead@brgov.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**BRETT PERCLE**                                                             **CIVIL ACTION**

**VERSUS**

                                        **NO. 3:14-CV-00449-SDD-RLB**

**THE CITY OF BATON ROUGE, CARL
DABADIE, JR., INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS CHIEF OF
THE BATON ROUGE POLICE DEPARTMENT,
DETECTIVE JASON ACREE, OFFICER JOHN DOE
NO. 1, OFFICERS JOHN DOE NOS. 2-20 AND
OFFICER ORSCINI BEARD**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 16, 2016, a copy of the foregoing *Motion to Compel Medical Records and for Sanctions for Failure to Respond* was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                        /s/ Tedrick K. Knightshead
                                        Tedrick K. Knightshead

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BRETT PERCLE**                                                **CIVIL ACTION**

**VERSUS**

**NO. 3:14-CV-00449-SDD-RLB**

**THE CITY OF BATON ROUGE, CARL
DABADIE, JR., INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS CHIEF OF
THE BATON ROUGE POLICE DEPARTMENT,
DETECTIVE JASON ACREE, OFFICER JOHN DOE
NO. 1, OFFICERS JOHN DOE NOS. 2-20 AND
OFFICER ORSCINI BEARD**

**ORDER**

Considering the above and foregoing *Motion to Compel Medical Records and for Sanctions for Failure to Respond* filed by Defendants:

**IT IS ORDERED THAT:**

\_\_\_\_   The Motion is **Granted**.

  \_\_\_\_   Plaintiffs shall answer all requests for production of documents by the \_\_\_\_\_ day of _____, 2016.

  \_\_\_\_   No medical documents produced by Plaintiff, may be introduced into evidence at trial or used as exhibits for motions in this matter

\_\_\_\_   The Motion is **Denied**.

\_\_\_\_   The Motion is set for hearing on the \_\_\_\_ day of _____, 2016, at \_\_\_:\_\_\_\_, \_\_.m.

Baton Rouge, Louisiana, this _____ day of _____, 2016.

_____
JUDGE, MIDDLE DISTRICT OF LOUISIANA