UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRETT PERCLE**                                          **CIVIL ACTION**

**VERSUS**

                                                          **NO. 14-449-SDD-RLB**

**THE CITY OF BATON ROUGE,**
**ET AL.**

### ORDER

Before the court is Defendants' Motion to Compel Medical Records and for Sanctions for Failure to Respond (R. Doc. 39) filed on February 17, 2016. The deadline for filing an opposition to the motion has not expired. For the following reasons, the Motion is **DENIED**.

**I.    Background**

On July 21, 2014, Plaintiff filed a Complaint alleging that he was abused, injured, and illegally searched by members of the Baton Rouge Police Department, including certain unknown officers allegedly wearing masks at the time of the incident. (R. Doc. 1).

On October 20, 2014, the court entered a Scheduling Order (R. Doc. 10) based on deadlines proposed by the parties in a joint Status Report (R. Doc. 8). As requested by the parties, the court set the deadline to file all discovery motions and complete all discovery except experts on March 26, 2015. The court subsequently set the Final Pretrial Conference to be held on February 23, 2016 and trial to be held on March 7, 2016. (R. Doc. 12).

On January 27, 2015, the court entered into the record Plaintiff's Amended Complaint identifying certain John Doe defendants. (R. Doc. 19).

On March 11, 2015, Plaintiff filed an unopposed motion to extend pre-trial deadlines through dispositive motions. (R. Doc. 21). The court granted the motion, extending, among

other things, the deadline to file all discovery motions and complete all discovery except experts to May 26, 2015. (R. Doc. 22).

On May 11, 2015, Defendants sought authorization from Plaintiff to obtain records from the LSU Student Health Center. (R. Doc. 39-1 at 1). Defendants represent that Plaintiff had previously provided other signed medical authorizations directed at other healthcare providers.

On January 25, 2016, Plaintiff signed the authorization form directed at the LSU Student Health Center. (R. Doc. 39-10 at 5). On February 5, 2016, defense counsel requested from the LSU Student Health Center "a complete, certified copy" of its file on Plaintiff. (R. Doc. 39-10 at 3-4). Defense counsel informed Plaintiff's counsel that he tried to subpoena Plaintiff's "transcript from LSU" but there was an issue regarding the signature on the form signed by Plaintiff. (R. Doc. 39-2 at 1).

On February 16, 2016, Plaintiff's counsel clarified that Plaintiff objected "to the disclosure of anything other than the medical records made subject of the authorization," including "records governed by FERPA," and defense counsel responded that he would file the instant Motion. (R. Doc. 39-8).

On February 17, 2016, the LSU Student Health Center informed defense counsel that Plaintiff had "chosen to quash" the request submitted by defense counsel and, instead, signed a release of information form provided by the LSU Student Health Center. (R. Doc. 39-10 at 2). Defendants filed the instant Motion that same day.

## II.    Law and Analysis

Plaintiff's Motion is untimely as it was filed after May 26, 2015, the court's deadline to file all discovery motions and complete all discovery except experts. Accordingly, the instant

Motion implicitly requests an extension of that deadline for consideration of the instant Motion on the merits.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent.  The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Rule 16 has also been examined in the context of an untimely motion to compel.  *See Rollins v. St. Jude Medical, Inc.*, No. 08-0387, 2010 WL 1751822 (W.D. La. April 28, 2010). "[C]ourts consider multiple factors to determine whether the motion should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule." *Id*. at *2 (citing *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006)).

Here, Defendants have not established good cause for consideration of the instant Motion on the merits.  Defendants inexplicably waited over 10 months until after the discovery deadline passed to file the instant motion.  That deadline had already been extended by two months.  Based on their representations, Defendants first made requested the authorization at issue on May 11, 2015.  Defendants provide no explanation for their lack of diligence in obtaining the information sought since first requesting that authorization.  This matter is set for trial in two

3

weeks.  In summary, not a single factor above supports the Defendants' position that the court should entertain a motion to compel on the eve of trial.

### III.     Conclusion

Based on the foregoing, **IT IS ORDERED** that Defendants' Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 22, 2016.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**