UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRETT PERCLE                                                   CIVIL ACTION

VERSUS                                                         14-449-SDD-RLB

THE CITY OF BATON ROUGE, ET AL.

RULING

Before the Court is Plaintiff, Brett Percle's, *Motion in Limine to Exclude Evidence of Alleged Drug Use*.[1] The Motion is opposed.[2] For the reasons which follow the Motion is deferred to the time of trial.

**I.   BRIEF FACTUAL BACKGROUND**

This is a 42 USC §1983 civil rights claim which arises out of a warranted search of a dwelling by BRPD Narcotics agents on June 11, 2014. Plaintiff alleges that Officer Robert Moruzzi, a member of the Special Response Team ("SRT") team that executed the warrant, "curb stomped" him after he had obeyed orders to lie on the floor, causing him injury. Plaintiff further alleges that "[o]ther officers later strip searched [him] and ransacked his car."[3]

Officer Moruzzi relates a vastly different story of the events. According to Moruzzi, "when SRT made entry into the home [a Marijauna] bong broke spilling water everywhere [and] that Percle must have either slipped on the water from the bong, or in shear panic, dove face first into the kitchen floor. Moruzzi advised that once Percle was on the ground

---

[1] Rec. Doc. 34.
[2] Rec. Doc. 40.
[3] Rec. Doc. 34-1.

he put his knee in Percle's back to stabilize him until he handcuffed him [and] that once he got Percle off the floor and onto his feet; [Moruzzi] saw that Percle's two (2) front teeth were on the floor."[4] Moruzzi denies doing anything to cause Percle to lose his teeth.

## II.   FRE 404(b) ANALYSIS

Plaintiff moves to exclude evidence, and preclude argument, that Percle used marijuana or any other illicit drug on the day of the events at issue or at any prior or subsequent time.

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character".

Defendant's contend that evidence of the Plaintiff's drug use on the date of the incident will not be offered to show that Percle is a 'bad person', rather Defendant's argue that the relevance goes to Percle's perception at the time of this incident. As to evidence of subsequent drug use, Defendant's argue that Plaintiff's medical records establish that, subsequent to the incident, Percle was abusing illegal drugs, which evidence the Defendant's contend is probative of whether Percle has given cause to retard his medical treatment for the injuries allegedly caused by BRPD officers.

Gleaning from the briefs, evidence of the Plaintiff's alleged drug use on the date of the incident is disputed. The mere presence of drugs and drug paraphernalia at the situs of the execution of the search warrant is not probative of the Plaintiff's state of mind or perception. Hence, the Court shall defer ruling on Plaintiff's Motion[5] to exclude alleged evidence that Percle was under the influence of narcotics at the time of the incident.

---

[4] Rec. Doc. 40, p. 2.
[5] Rec. Doc. 34.

## III.  CONCLUSION

Likewise, evidence that subsequent alleged drug use by the Plaintiff interfered with or delayed his recovery from the injuries he claimed is disputed. Hence, the Court shall defer ruling on Plaintiff's Motion[6] to exclude alleged evidence of subsequent alleged drug use by Plaintiff to the time of trial. The Court will conduct an FRE 403 hearing outside the presence of the jury to determine the probative value, if any, of the proposed evidence at the time of trial. The Defendants shall not argue, offer, or refer to evidence of contemporaneous or subsequent drug use by the Plaintiff unless and until the Court has determined admissibility after hearing.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 23, 2016</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] Rec. Doc. 34.